■ JAMES ORANGE, Appellant, v. LESLIE HENNIG et al., Respondents.— In an action to recover damages for personal injuries sustained by plaintiff when he was struck by an automobile owned by defendant Hennig, a salesman for defendant Austin Nichols Corp., plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered August 29, 1962 upon a jury verdict in favor of defendants. Judgment affirmed, without costs. No opinion. Ughetta, Hill, Rabin and Benjamin, JJ., concur; Beldock, P. J., dissents and votes to reverse the judgment and to grant a new trial, with the following memorandum: Plaintiff was an employee of the Jiffy Car Wash in Mount Vernon, to which defendant Hennig brought his car to be washed. Plaintiff's version of the accident is that, while he was cleaning the left front tire of Hennig's car preparatory to its being conveyed to the car wash area and while he was completely outside the automobile, Hennig's car (in which Hennig was then in the front seat) shot forward and struck him. Hennig's version is that plaintiff was inside Hennig's car behind the steering wheel and that, while plaintiff was cleaning the rubber floor mat, plaintiff's hand pressed on the accelerator and the car shot forward, causing him to fall and sustain his injuries. In my opinion, the verdict in favor of defendants was

against the weight of the evidence. That conclusion is warranted by the facts that (1) both plaintiff and Hennig were interested witnesses; (2) witness Tucker, who testified for defendants, was unreliable; in April, 1961 (about 2½ years after the accident) he gave one written statement to plaintiff's attorney, favoring plaintiff's version of the accident, and within a few weeks thereafter gave a written statement to defendants' attorney; besides, he was twice convicted of forgery; (3) the only disinterested witness is a police officer who testified that he interviewed both plaintiff and Hennig within a few minutes after the accident happened and obtained from both of them a version of the accident which is in complete accord with plaintiff's version; (4) the officer's written report was filed weeks before plaintiff's attorney was retained; and (5) the testimony of Hennig, that he put the automatic transmission "in neutral" and pulled up the emergency brake, is incredible because the car lurched forward when someone (either plaintiff or Hennig) pressed the accelerator, and Hennig admitted (despite his presence in the front seat of the car) that he could not say that plaintiff released the emergency brake or in any way touched the controls of the car before the accident.